(No. 3739— 

CLARENCE BUHLMAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed March 9, 1943.

WISEMAN & LISTEMAN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

The record in this case consists of the complaint filed August 3, 1942; report of the Department of Public Works and Buildings, Division of Highways, by M. K. Lingle; waiver of statement, brief and argument on behalf of claimant; statement, brief and argument by respondent; and stipulation between claimant and respondent wherein it is stipulated that the report of the Division of Highways shall constitute the record in this case.

Claimant, an employee of respondent in the Division of Highways, while engaged in cutting brush or ''hedge sprouts'' on the right-of-way of State Bond Issue Route No. 111 about three and one-half miles south of Medora, Illinois, on December 15, 1941, was injured by being struck in the right eye by a branch or ''hedge sprout'' which he was attempting to remove, which injury resulted in the complete loss of vision in claimant's right eye.

It is admitted that claimant was an employee of respondent; that he was injured on December 15, 1941; that all

jurisdictional requirements have been met; that all medical bills and charges have been paid by respondent; that temporary total disability has been paid to claimant in the sum of Seventy-nine and 02/100 Dollars ($79.02); that claimant has no children under 16 years of age.

Claimant was employed intermittently at a wage rate of Fifty Cents ($.50) per hour and worked for the Division of Highways less than two hundred (200) days per year. Claimant's average weekly wage figured on the above basis and in accordance with the Workmen's Compensation Act amounts to Fifteen and 38/100 Dollars ($15.38) per week. Claimant would be entitled to fifty (50) per cent of this average wage, plus ten (10) per cent, or a total of Eight and 46/100 Dollars ($8.46) per week during the total disability period which it is agreed was nine (9) weeks and two (2) days, amounting to Seventy-eight and 54/100 Dollars ($78.54). Claimant has, therefore, been overpaid Forty-six Cents ($.46) in temporary total disability compensation.

The report of the Division of Highways shows that claimant was injured while engaged in his duties; that while claimant was cutting into a clump of hedge sprouts with a hedge knife a sprout rebounded and struck him in the right eye; that claimant was immediately taken to the office of a physician and later removed to the Barnes Hospital in St. Louis, Missouri, and placed under the care of Dr. Lawrence T. Post, professor of clinical opthalmology and head of the department, Washington University, Medical College. On November 6th Dr. Post reported to the division that claimant had suffered complete loss of vision in the right eye and that the disability was permanent.

Claimant asks for One Thousand Dollars ($1,000.00) compensation for permanent disfigurement to his face and Twelve and 10/100 Dollars ($12.10) weekly for one hundred twenty (120) weeks for loss of the sight of his right eye.

Under the record, the claim for disfigurement must be disallowed.

It is stipulated that claimant expended for transportation and medical necessities as a result of this accident the sum of Five and 30/100 Dollars ($5.30), for which expenditure claimant should be reimbursed.

Claimant is entitled to compensation for the complete loss of the sight of his right eye. Section 8, Subsections

380

e (16) and L of the Workmen's Compensation Act provide for the loss of the sight of an eye 50 per cent of the average weekly wage, plus 10% for 120 weeks, or $8.46 x 120, equalling $1,015.20, plus $5.30 expended by claimant for medical necessities and transportation, less overpayment of $.46, or a total of $1,020.04. An award is, therefore, entered in favor of claimant, Clarence Buhlman, in the sum of $1,020.04, payable as follows: $466.52 is accrued and payable forthwith, and the balance of $553.52 is payable in equal weekly installments of $8.46 for sixty-five (65) weeks beginning March 15, 1943, and a final payment of $3.62.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.